OPINION OF THE COURT
Martin J. Kerins, J.
These summary proceedings were brought to recover possession of two commercial properties due to respondents’ alleged nonpayment of rent. Petitioner is a fuel distributor and respondents operate gasoline service stations on each of the properties. On September 19 and 20, 1985, trials of the actions were held. Based upon the credible testimony and evidence presented at the trials the court makes the following findings of fact:
In each of the cases the parties entered into lease agreements for the property for the purpose of selling gasoline. The lease agreement in action No. 1 was entered into on July 30, 1984, and had a stated rental of $2,100 per month. The lease in action No. 2 was entered into on November 29, 1984, and had a stated rental of $1,500 per month. Each lease has provisions for additional rent and the imposition of attorney’s fees in the event of a default.
Respondent in action No. 1 failed to make rental payments *138 from March 1985 through September 1985. The respondents in action No. 2 failed to make rental payments from December 1984 through September 1985. In August 1985 petitioner’s representative informed respondent Ifzal that rental payments were due on both properties and delivered to him a statement of account with respect to the properties. On August 28, 1985 petitioner’s representative Mr. Breck again met with the respondents and demanded the rent due. The present proceedings were commenced on September 5,1985.
The respondents have set forth several arguments which they allege require dismissal of the petitions. First, it is alleged that petitioner failed to give the statutorily required three days’ notice (RPAPL 711 [2]). However, based upon the testimony at trial the court concludes that the petitioner fulfilled its statutory obligation by virtue of the demands made by petitioner’s representative on August 28,1985.
Respondents also argue that the petitioner is guilty of bad faith in failing to pursue payment of the arrearages in a more diligent manner. However, based upon the evidence presented the court finds no merit in respondents’ allegations of bad faith.
The thrust of respondents’ defense to these actions centers around the applicability and interpretation of General Business Law article 11-B (General Business Law § 199-a et seq.), which is entitled "Franchises for the Sale of Motor Fuels”. More specifically, respondent alleges that petitioner failed to give the statutory notice provided for in General Business Law § 199-c (3) prior to the institution of these proceedings, and, hence, the court is without jurisdiction to grant judgment to the petitioner.
General Business Law § 199-a (3) provides in pertinent part that a " '[franchise’ means any agreement between a distributor and a dealer * * * under which the dealer is granted the right to occupy or use premises or facilities owned, leased, or controlled by the distributor, for the purpose of engaging in the retail sale of motor fuels of the distributor”.
General Business Law § 199-c (3) provides that: "No distributor may terminate, cancel or refuse to renew a franchise agreement for any reason unless he has given ninety days’ written notice to the dealer of his intent to terminate, cancel or not renew such franchise [agreement] provided that in the event of the dealer’s default under the terms and conditions of the franchise agreement as set out in paragraph a of subdivi *139 sion one of this section, the distributor may, alternatively, give the dealer ten days’ written notice to cure the default, and if the default has not been cured within such period, the distributor may terminate or cancel the franchise in accordance with the notice requirements of the franchise agreements, provided such notice is given within ten days * * * after the expiration of the ten-day default period.”
General Business Law § 199-h provides that the article does not invalidate any other provision of State law, except that in the event of a direct conflict, the provisions of article 11-B will govern.
Based upon the above-quoted sections, the court is in agreement with the respondents that the provisions of article 11-B are, under the proper circumstances, applicable to leases such as the ones at bar. However, the court is of the opinion that such circumstances are not present herein. In this regard the court notes that the provisions of General Business Law § 199-c (3) relate specifically to those instances where the distributor directly attempts to terminate the agreement. By virtue of these provisions, the standard conditional limitation lease provisions which give a landlord a right to declare the lease terminated, and to thereafter bring a holdover proceeding, are modified to include a cure provision prior to termination. However, in the matters at bar the petitioner has not terminated the leases and brought holdover proceedings. Rather, it has brought nonpayment proceedings pursuant to RPAPL 711 (2). It is well settled that the landlord-tenant relationship in such proceedings continues until the issuance of a warrant of eviction (Rasch, New York Landlord & Tenant, Summary Proceedings § 778). RPAPL 751 (1) specifically permits the respondent in nonpayment proceedings to stay the issuance of the warrant by paying the amount due into court.
The court therefore concludes that the provisions of General Business Law article 11-B, while applicable to holdover proceedings in which the landlord has unilaterally terminated a lease, are not applicable to nonpayment summary proceedings, which have an independent statutory basis. The court therefore awards judgment in action No. 1 of possession and rent due in the sum of $16,104.26 together with reasonable attorney’s fees of $750 making a total judgment in that action of $16,854.26.
In action No. 2 the court awards judgment of possession against both respondents, and judgment for rent due in the *140 sum of $26,942.63 together with reasonable attorney’s fees of $750 making a total judgment in that action of $27,692.63.