■ WILLIAM WEBBE, JR., Appellant, v DEBORAH A. WEBBE, Respondent. [701 NYS2d 140] —Carpinello, J. Appeal from an order of the Supreme Court (Kane, J.), entered March 4, 1999 in Sullivan County, which granted defendant's motion for counsel fees.

Defendant is unemployed and her main source of income is the child support she receives from plaintiff, who is employed and has substantial income. Defendant's attorney was originally appointed to represent her on various Family Court petitions. In 1996, defendant was served with a summons and complaint in this divorce action and counsel agreed to represent her for a flat fee of $2,500 to cover all aspects of the action, with the understanding that counsel would attempt to re-

---

cover the fee from plaintiff. The parties ultimately stipulated to settle all issues except the application for counsel fees, which the parties submitted to Supreme Court for resolution.

It is undisputed that defendant's attorney expended $21\frac{1}{4}$ hours in service to defendant and had out-of-pocket expenses totaling $100. It is also undisputed that the retainer agreement between defendant and her attorney does not fully comply with the requirements of 22 NYCRR 1400.3 and was not timely filed. Despite these deficiencies, Supreme Court awarded counsel fees in the amount of $2,000, plus $100 in disbursements. Plaintiff appeals.

Supreme Court found, and we agree, that plaintiff cannot use the inadequacy of the retainer agreement to defeat defendant's application for counsel fees.* 22 NYCRR part 1400 mandates various requirements by attorneys in domestic relation matters (see, Scheinkman, 1998 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 237, 1999 Supp Pamph, at 374-375). The retainer agreement in this case complies with the literal requirement of Code of Professional Responsibility DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii]), and since defendant and her attorney agreed to a flat fee with no advance, many of the requirements of 22 NYCRR 1400.3 were inapplicable. Although the agreement fails to comply with other requirements of 22 NYCRR 1400.3, defendant, as the client, was not prejudiced by the deficiencies and does not object to her attorney's fee. It is also notable that the issue of plaintiff's responsibility for the fee of defendant's attorney was apparently raised early in this action and was a component of the parties' settlement negotiations, but plaintiff did not raise any objection to the lack of compliance with 22 NYCRR part 1400 until it was too late to effect a cure.

Supreme Court's modest counsel fees award is 20% less than the flat fee contained in the retainer agreement and is less than the attorney's usual hourly rate of $125. In effect, Supreme Court penalized defendant's attorney for the inadequate retainer agreement by so limiting the amount of the fee. The matter of counsel fees in a matrimonial action is entrusted to the sound discretion of the trial court (see, Domestic Relations Law § 237), and we see no abuse of that discretion in this case, particularly since denial of the application would have resulted in a windfall to plaintiff.

---

* Plaintiff's claim that 22 NYCRR 1400.2 was not complied with in this case has been raised for the first time on appeal; thus, Supreme Court did not consider it.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.