■ In the Matter of JEFFREY M. WINKELMAN, Appellant, v KELLY A. FUREY, Respondent. [721 NYS2d 847] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court did not abuse its discretion in granting respondent's motion and awarding respondent counsel fees in this contested custody proceeding (*see, Matter of O'Neil v O'Neil,* 193 AD2d 16, 19-20). The Judicial Hearing Officer to whom the custody trial was referred refused to entertain respondent's application for counsel fees and directed respondent to seek such fees from the Family Court Judge. Thus, we conclude that the court retained jurisdiction to entertain the issue after entry of the December 1998 custody order (*see, Matter of Buono v Fantacone,* 252 AD2d 917, 918).

We reject petitioner's contention that the motion should have been denied because respondent's attorney failed to provide respondent with written, itemized bills at least every 60 days (*see,* 22 NYCRR 1400.2). Respondent's attorney complied with 22 NYCRR part 1400 by providing respondent with the requisite statement of rights and responsibilities and by executing the requisite written retainer agreement with her (*cf., Hunt v Hunt,* 273 AD2d 875). By waiting until August 1998 to bill respondent for services rendered between December 1996 and August 1998, respondent's attorney violated a right afforded respondent, not petitioner, and respondent waived that right by paying the bill for those services without objection (*see, Webbe v Webbe,* 267 AD2d 764, 765, *lv denied* 95 NY2d 753).

Nevertheless, we conclude that the award should be reduced by $2,688, and we therefore modify the order accordingly. Although the court properly concluded that petitioner unnecessarily prolonged the litigation by opening a stipulation of settlement and filing a petition for custody in June 1998 (*see, Smith v Smith,* 277 AD2d 531; *Morrissey v Morrissey,* 259 AD2d 472, 473), the equities and circumstances of the case do not support the award of counsel fees for the period preceding the filing of that petition. We reject petitioner's challenge to the evidentiary basis for the value of the legal services rendered (*see,*

*Matter of Buono v Fantacone, supra*, at 919). Finally, we conclude that the court properly denied petitioner's cross motion for sanctions. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.