WALTER GREENFIELD et al., Appellants, v KIM TASSINARI et al., Defendants, and OSCAR GRUSS & SON, INC., et al., Respondents. [779 NYS2d 531]—

In an action, inter alia, to recover damages for negligence and aiding and abetting the breach of a fiduciary duty, the plaintiffs appeal (1) from a decision of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 11, 2002, (2), as limited by their brief, from so much of an order of the same court dated January 27, 2003, as granted that branch of the motion of the defendant Herzog Heine Geduld, Inc., which was to dismiss the complaint insofar as asserted against it as barred by the statute of limitations, granted the separate motions of the defendant CIBC Oppenheimer Corp. and the defendants DB Alex Brown, LLC, and Deutsche Bank Alex Brown, Inc., to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and granted those branches of the separate motions of the defendants JP Morgan Chase Bank and Bank of New York Company which were for summary judgment dismissing the complaint insofar as asserted against them, and (3) from an order of the same court entered April 29, 2003, which granted that branch of the motion of the defendant Oscar Gruss & Son, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated January 27, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered April 29, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly dismissed the complaint insofar as asserted against the defendants CIBC Oppenheimer Corp., DB Alex Brown, LLC, and Deutsche Bank Alex Brown, Inc. These defendants provided clearing services to the plaintiffs' securities broker, the defendant Robert Tassinari (hereinafter Tassinari). Since clearing brokers generally do not owe a fidu-

ciary duty to the customers of an introducing broker (*see McDaniel v Bear Stearns & Co.*, 196 F Supp 2d 343 [2002]; *Rozsa v May Davis Group, Inc.*, 152 F Supp 2d 526 [2001]; *Schwarz v Bear Stearns Cos.*, 266 AD2d 133 [1999]), the plaintiffs failed to state a negligence cause of action against these defendants. The plaintiffs further failed to demonstrate a cause of action based on the theory that those defendants aided and abetted a breach of Tassinari's fiduciary duty, in the absence of evidence that they acted with actual intent to aid in the fraud he allegedly perpetrated (*see Ross v Bolton*, 904 F2d 819 [1990]; *Lesavoy v Lane*, 304 F Supp 2d 520 [2004]; *McDaniel v Bear Stearns Cos., supra*).

The plaintiffs' claims against the defendant Herzog Heine Geduld, Inc. (hereinafter HHG), are predicated on its processing of allegedly fraudulent wire transfers. However, we agree with the Supreme Court that HHG qualifies as a "bank" for statute of limitations purposes under Uniform Commercial Code § 4-A-505 (*cf. Woods v MONY Legacy Life Ins. Co.*, 84 NY2d 280 [1994]), and that the plaintiffs' claims relating to the wire transfers are time-barred (*see also Grain Traders, Inc. v Citibank, N.A.*, 160 F3d 97, 103 [1998]). Therefore, the complaint was properly dismissed insofar as asserted against HHG.

The complaint alleged that the defendants JP Morgan Chase Bank and Bank of New York Company, Inc. (hereinafter the banks), were liable to them for damages, as the banks accepted wire transfers of funds from their accounts which were unauthorized by them. The banks established, as a matter of law, that the plaintiffs' claims were barred under Uniform Commercial Code § 4-A-207 (2) (a) by submitting evidence that the funds were transferred through a fully automated electronic system and were credited to the account numbers provided in the transfer instructions. In opposition to the banks' motions, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]), and the Supreme Court properly rejected their contention that further discovery was required on this issue.

Finally, the Supreme Court properly determined that the defendant Oscar Gruss & Son, Inc. (hereinafter Gruss), qualified as a "bank" within the meaning of Uniform Commercial Code § 4-A-505 (*cf. Woods v MONY Legacy Life Ins. Co., supra*). Accordingly, the plaintiffs' claim that Gruss made certain unauthorized wire transfers of funds from their accounts is time-barred, and the Supreme Court properly dismissed the complaint insofar as asserted against that defendant.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.