Catherine Johnner, Respondent, v Percy D. Mims, Appellant. [850 NYS2d 786]—

Appeal from an order of the Supreme Court, Chautauqua County (Stephen W. Cass, A.J.), entered November 1, 2006 in a matrimonial action. The order awarded plaintiff counsel fees of $60,425.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: Supreme Court did not abuse its discretion in granting in part plaintiff's application for counsel fees in this matrimonial action (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see also Matter of Grald v Grald*, 33 AD3d 922 [2006]). The award of counsel fees was based upon evidence presented at the hearing

on plaintiff's application for those fees, as well as upon evidence presented during the 26-day trial (*see Matter of Buono v Fantacone*, 252 AD2d 917, 919 [1998]; *see also McArthur v Bell* [appeal No. 2], 201 AD2d 974, 975 [1994], *lv dismissed* 83 NY2d 906 [1994], *lv denied* 85 NY2d 809 [1995]).

Defendant contends that the court erred in awarding plaintiff counsel fees because plaintiff's attorney failed to provide plaintiff with written, itemized bills at least every 60 days (*see* 22 NYCRR 1400.2, 1400.3). We reject that contention. "[Plaintiff's] attorney complied with 22 NYCRR part 1400 by providing [plaintiff] with the requisite statement of rights and responsibilities and by executing the requisite written retainer agreement with her" (*Matter of Winkelman v Furey*, 281 AD2d 908, 908 [2001], *affd* 97 NY2d 711 [2002]; *see also Mulcahy v Mulcahy*, 285 AD2d 587, 588 [2001], *lv denied* 97 NY2d 605 [2001]; *cf. Hunt v Hunt*, 273 AD2d 875, 876 [2000]). Although plaintiff's attorney waited until December 2005 to bill plaintiff for services rendered between August 2004 and December 2005, the right to be billed at least every 60 days is a right afforded to plaintiff, not defendant, and plaintiff waived that right by failing to object to the December 2005 bill (*see Winkelman*, 281 AD2d at 908; *Webbe v Webbe*, 267 AD2d 764, 765 [1999], *lv denied* 95 NY2d 753 [2000]). Denial of plaintiff's application on that ground would result in a windfall to defendant (*see Webbe*, 267 AD2d at 765).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.