*1297 Appeal from a judgment of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered August 14, 2007 in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, directed him to pay child support and maintenance. Contrary to plaintiff’s contention, Supreme Court properly calculated the award of child support and set forth its reasoning for applying the statutory formula to the total combined parental income in excess of $80,000 (see Domestic Relations Law § 240 [1-b] [c] [3]; [f]; see generally Matter of Cassano v Cassano, 85 NY2d 649, 653-655 [1995]). Also contrary to plaintiffs contention, the court’s award of maintenance was not an abuse of discretion. “As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court” (Boughton v Boughton, 239 AD2d 935, 935 [1997]). The record establishes that the court properly considered defendant’s “reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors” set forth in Domestic Relations Law § 236 (B) (6) (a) in awarding defendant maintenance for a period of time that will provide her with an opportunity to reestablish her career (Hartog v Hartog, 85 NY2d 36, 52 [1995]; see Sperling v Sperling, 165 AD2d 338, 343 [1991]). The court also properly required plaintiff to maintain a policy of life insurance to secure his maintenance obligation (see Domestic Relations Law § 236 [B] [8] [a]).
We further conclude that the court properly valued and distributed the assets of plaintiff’s tax accounting business. “ ‘The determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques’ ” (Johnson v Johnson, 277 AD2d 923, 926 [2000], lv dismissed 96 NY2d 792 [2001]). Inasmuch as plaintiff failed to establish what the value of the business was at the time that he acquired it, the court was justified in treating the entire business as marital property (see generally Saasto v Saasto, 211 AD2d 708, 709 [1995]). Contrary to plaintiff’s contention, the court’s credit of an interest of 35% in the busi *1298 ness to defendant was proper based on defendant’s indirect contributions toward the business (see Domestic Relations Law § 236 [B] [5] [d] [6]; see also Holterman v Holterman, 3 NY3d 1, 7-8 [2004]).
Plaintiff further contends that the court abused its discretion in granting the application of defendant for counsel fees because her attorney failed to provide her with the requisite itemized bills at least every 60 days (see 22 NYCRR 1400.2, 1400.3). We reject that contention. It is the right of the client, not the adversary spouse, to be billed at least every 60 days, and the client may waive that right (see Matter of Winkelman v Furey, 281 AD2d 908 [2001], affd 97 NY2d 711 [2002]; Johnner v Mims, 48 AD3d 1104 [2008]). By providing defendant with the requisite statement of rights and responsibilities and executing the requisite written retainer agreement, her attorney complied with 22 NYCRR part 1400 (see Winkelman, 281 AD2d 908 [2001]). Plaintiff failed to preserve for our review his contention that the court abused its discretion in awarding defendant counsel fees in view of her distributive and support awards, inasmuch as he failed to request a hearing with respect to the ability of defendant to pay her own counsel fees (see Kish v Kish [appeal No. 1], 175 AD2d 604 [1991]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.