■ In the Matter of SAUL EDELSTEIN, Respondent, v ABRAHAM GREISMAN, Appellant. [888 NYS2d 179]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Abraham Greisman appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 9, 2009, which granted the petition to confirm the award and, in effect, denied his application to vacate the award.

Ordered that the order is affirmed, with costs.

The petitioner demonstrated that he substantially complied with 22 NYCRR 1400, *et seq.,* the rules applicable to all attorneys who undertake the representation of clients in matrimonial matters (*see Gross v Gross,* 36 AD3d 318, 323-324 [2006]; *Garr v Kinberg,* 3 AD3d 322 [2004]). It is undisputed that the petitioner provided the appellant, his client, with a retainer agreement that fully complied with 22 NYCRR 1400.3 in all respects (*see Gross v Gross,* 36 AD3d at 321; *Matter of Winkelman v Furey,* 281 AD2d 908 [2001], *affd* 97 NY2d 711 [2002]; *see also Petosa v Petosa,* 56 AD3d 1296 [2008]; *cf. Mulcahy v Mulcahy,* 285 AD2d 587, 588 [2001]).

The petitioner also demonstrated that he provided the appellant with notice of the appellant's right to arbitrate any fee dispute (*see* 22 NYCRR 1400.7; *Garr v Kinberg,* 3 AD3d at 322). After the appellant terminated the petitioner's engagement almost two years after he retained and utilized the petitioner's legal services, the appellant refused to pay the outstanding balance due under the invoices sent. Thereafter, the appellant elected to submit the fee dispute to arbitration.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the petition to confirm the arbitration award, which awarded the petitioner the outstanding balance due under the invoices in the sum of $6,690.38. Despite the petitioner's dilatory submission of invoices to the appellant (*see* 22 NYCRR 1400.2; *Matter of Winkelman v Furey,* 281 AD2d 908 [2001], *affd* 97 NY2d 711 [2002]; *cf. Wagman v Wagman,* 8 AD3d 263 [2004]), the petitioner sent sufficiently detailed invoices demonstrating that substantial services were rendered (*see Garr v Kinberg,* 3 AD3d

322 [2004]; *cf. Flanagan v Flanagan,* 267 AD2d 80, 81 [1999]). Moreover, the petitioner presented evidence that the appellant not only received and retained, without objection, the invoices for the legal services rendered, but also made a partial payment thereon, thereby ratifying them (*see Johnner v Mims,* 48 AD3d 1104, 1105 [2008]; *Matter of Winkelman v Furey,* 281 AD2d at 908; *see also Gross v Gross,* 36 AD3d at 322; *see generally Mintz & Gold, LLP v Hart,* 48 AD3d 526, 528 [2008]). Further, the appellant conceded that the arbitration panel was presented with the same issue raised herein regarding the petitioner's compliance with 22 NYCRR 1400.2, and rejected the appellant's arguments (*cf. Papapietro v Pollack & Kotler,* 9 AD3d 419, 420 [2004]).

The Supreme Court properly determined that there was a sufficient evidentiary basis in the record to support the award and no basis to vacate it pursuant to CPLR 7511 (*see Matter of Ryan & Henderson v Haviv,* 309 AD2d 939, 940 [2003]).

The appellant's remaining contention is without merit. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur. [*See* 23 Misc 3d 1115(A), 2009 NY Slip Op 50757(U).]