■ BARBARA GRANATO, Plaintiff, v PASQUALE FABIO GRANATO, Respondent. DIAHN W. MCGRATH, Nonparty Appellant. [904 NYS2d 67]—

Order, Supreme Court, New York County (Sue Ann Hoahng, Special Ref.), entered on or about May 11, 2009, which granted defendant's motion to dismiss his former attorney's motion for additional legal fees and ancillary relief, and denied attorney Diahn W. McGrath's motion for legal fees and ancillary relief, unanimously reversed, on the law, with costs, defendant's motion denied and McGrath's granted, and the matter remanded for determination of the amount of reasonable legal fees recoverable by McGrath.

Defendant opposes his former attorney's application for additional legal fees on the ground that she failed to comply with the rules governing matrimonial retainer agreements (22 NYCRR part 1400). We find that McGrath substantially complied with the rules and therefore is not precluded from recovering reasonable fees for services rendered (see Flanagan v Flanagan, 267 AD2d 80 [1999]). The record establishes that, although McGrath prepared and sent defendant a retainer agreement, defendant, who does not deny that he received the agreement, never signed and returned a copy of it to her. However, it also shows that defendant paid the retainer fee of $7,500 provided for in the agreement, and that, over the course of two years, McGrath rendered services to him, he received numerous billing statements from her and made extensive payments, and he never objected to any of the bills until after he discharged her in July 2008. Under these circumstances, we find that, notwithstanding that he never returned a signed copy to McGrath, defendant ratified the retainer agreement (see Matter of Edelstein v Greisman, 67 AD3d 796, 797 [2009]).

Defendant's contention that the retainer agreement did not adequately apprise him of his right to seek arbitration of any fee dispute is belied by the fact that the standardized statement of client's rights and responsibilities (reproduced from 22 NYCRR 1400.2), which expressly includes this right, was ap-

pended to the agreement. His contention that McGrath failed to submit written statements at least every 60 days, as the retainer agreement provided for, is also unavailing, since by failing to object to any of her bills until after he discharged her in July 2008, he waived his right to be billed at least every 60 days (*see Johnner v Mims*, 48 AD3d 1104 [2008]). Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.