OPINION OF THE COURT
Memorandum.
Ordered that the appeal and cross appeal from the decision are dismissed as no appeal lies from a decision (UJCA 1702; see Greenfield v Tassinari, 8 AD3d 529 [2004]); and it is further, ordered that so much of the appeal from the final judgment as is by nonparty Dakhil El Jamal is dismissed, as he is not aggrieved thereby (see CPLR 5511); and it is further, ordered that the final judgment is reversed, without costs, and the petition is dismissed.
After the expiration of a five-year “Retail Gasoline Station Lease Agreement and Lessee Commission Contract,” landlord, a distributor of motor fuels (see General Business Law § 199-a ), served tenant, a dealer (see General Business Law § 199-a ), with a 30-day notice to quit. Upon tenant’s failure to vacate the premises, landlord commenced this holdover summary proceeding. A nonjury trial was held, at which tenant asserted, among other things, that landlord had failed to comply with article 11-B of the General Business Law, entitled “Franchises for the Sale of Motor Fuels,” and, in particular, with General Business Law § 199-c (3), which requires that a distributor provide a dealer with 90 days’ written notice of its intent not to renew a franchise. The Justice Court held that General Business Law article 11-B is beyond the scope of a summary proceeding and found that landlord was entitled to possession and use and occupancy. A final judgment was entered awarding landlord possession and the sum of $42,252.85.
Contrary to landlord’s argument, the relationship between the parties was a franchise, as that term is defined in General Business Law § 199-a (3), since the agreement between them granted tenant the right to occupy or use a premises leased by landlord for the purpose of engaging in the retail sale of motor *32 fuels supplied by landlord. Since the lease and franchise agreements are part of an integrated business relationship (see Shell Oil Co. v Marinello, 63 NJ 402 [1973]), landlord’s failure to give tenant 90 days’ written notice of its intent not to renew the franchise requires the dismissal of the petition (see Power Test Petroleum Distribs. v Ifzal, 130 Misc 2d 137 [1985]).
In view of the foregoing, we need not consider the parties’ remaining contentions. Accordingly, the final judgment is reversed and the petition is dismissed.
LaCava and Iannacci, JJ., concur; Nicolai, P.J., taking no part.