# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

---

453
CA 12-01487
PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

GERALD SCHMITT, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SANDRA SCHMITT, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

KUSTELL LAW GROUP, LLP, BUFFALO (CARL B. KUSTELL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 22, 2012 in a divorce action. The judgment, inter alia, directed plaintiff to pay maintenance and child support and equitably distributed marital assets.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating decretal paragraphs 5, 6, 7, and 30 and that part of decretal paragraph 23 ordering that plaintiff shall be solely obligated for all debt that is held jointly by the parties, and by granting that part of the posttrial motion seeking to set aside the direction contained in the 30th decretal paragraph of the judgment and as modified the judgment is affirmed without costs, and the matter is remitted to the Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: These consolidated appeals arise from a matrimonial action. We note at the outset that, in appeal No. 1, plaintiff appeals from a judgment of divorce. That appeal also brings up for review the propriety of the order denying plaintiff's posttrial motion to set aside certain parts of the judgment (appeal No. 2), and thus the appeal from the order in appeal No. 2 must be dismissed (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435; *see also* CPLR 5501 [a] [1]).

With respect to appeal No. 1, we reject plaintiff's contention that Supreme Court erred in awarding defendant durational maintenance in the amount of $16,833.75 per year for 10 years. The court providently exercised its discretion in making that award to allow defendant the opportunity to become self-supporting after 25 years of marriage during which she was the stay-at-home parent (*see Bogannam v Bogannam*, 60 AD3d 985, 986; *see generally O'Brien v O'Brien*, 66 NY2d 576, 585; *Sperling v Sperling*, 165 AD2d 338, 340-345). We reject plaintiff's further contention that the court erred in failing to

subtract maintenance payments from his income for the purpose of calculating his child support obligation.  The relevant statute provides that maintenance paid or to be paid should be subtracted from the payor's income only where "the order or agreement provides for a specific adjustment . . . in the amount of child support payable upon the termination of alimony or maintenance" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).  Here, the judgment does not provide for an automatic adjustment of child support upon the termination of maintenance, and such an adjustment was not warranted because plaintiff's maintenance obligation will outlast his child support obligation (*see Huber v Huber*, 229 AD2d 904, 905; *see also* § 240 [1-b] [b] [5] [vii] [C]; *Kessinger v Kessinger*, 202 AD2d 752, 753-754).

We agree with plaintiff, however, that the court erred in concluding that defendant met her burden of establishing that the parties' third eldest child was emancipated during the time she resided with plaintiff in 2011 (*cf. Matter of Cedeno v Knowlton*, 98 AD3d 1257, 1257; *Matter of Gold v Fisher*, 59 AD3d 443, 444).  Although the child in question worked two jobs in 2010, defendant did not submit any evidence regarding the child's income in 2011.  Further, the fact that plaintiff paid for the subject child's rent and utility costs demonstrates that the child was not economically independent and self-supporting (*see Cedeno*, 98 AD3d at 1257; *Matter of Drumm v Drumm*, 88 AD3d 1110, 1112-1113).  Inasmuch as the record is insufficient for us to determine defendant's child support obligation with respect to the subject child, we modify the judgment in appeal No. 1 by vacating the fifth, sixth and seventh decretal paragraphs relating to plaintiff's child support obligation, and we remit the matter to Supreme Court for consideration of defendant's child support obligation and for a recomputation of the parties' respective child support obligations, following a hearing if necessary (*see generally Drumm*, 88 AD3d at 1113-1114).

We also agree with plaintiff that the court failed to set forth the statutory factors it relied upon in allocating all of the marital debt to him.  In distributing debt, a court is required to consider the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and to state the factors that influenced its decision in accordance with section 236 (B) (5) (g) (*see Vanyo v Vanyo*, 79 AD3d 1751, 1753; *Burns v Burns*, 70 AD3d 1501, 1503).  We thus further modify the judgment in appeal No. 1 accordingly, and we remit the matter to Supreme Court for further consideration of that issue, including a hearing if necessary (*see generally Capasso v Capasso*, 119 AD2d 268, 272).

Finally, we agree with plaintiff that the court erred in failing to afford the charging lien (*see* Judiciary Law § 475) of his attorney priority in plaintiff's interest in the proceeds from the sale of the marital residence over the judgment awarding defendant attorney's fees.  Although plaintiff's attorney did not timely file the retainer agreement as required by 22 NYCRR 1400.3, it is the right of the client, not the adversary spouse, to assert noncompliance with those rules as a basis for refusing to pay attorney's fees (*see generally Matter of Winkelman v Furey*, 281 AD2d 908, 908, *affd* 97 NY2d 711;

*Petosa v Petosa*, 56 AD3d 1296, 1298; *Johnner v Mims*, 48 AD3d 1104,
1105).  Here, the record establishes that plaintiff submitted an
affidavit waiving his attorney's compliance with that filing
requirement.  We therefore conclude that the court erred in
determining in the context of plaintiff's posttrial motion that
plaintiff's attorney did not have a charging lien with priority from
the date of commencement of the action (*see* Judiciary Law § 475).
Thus, the court erred in directing plaintiff's attorney to satisfy the
judgment filed on January 17, 2012 with respect to the attorney's fees
of defendant from plaintiff's share of the proceeds of the sale of the
marital residence, which was held in the attorney trust account of
plaintiff's attorney.  We therefore further modify the judgment in
appeal No. 1 by vacating the 30th decretal paragraph and by granting
that part of plaintiff's posttrial motion seeking to set aside the
direction contained therein.

Entered:  June 14, 2013                        Frances E. Cafarell
                                               Clerk of the Court