Nicholas A. Gabriele, P.C., Appellant, 
against
Todd Feldman, Respondent.



Appeals from (1) a decision of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), dated September 9, 2013, and (2), on the ground of inadequacy, from a judgment of the same court entered September 9, 2013. The judgment, entered pursuant to the September 9, 2013 decision, after a nonjury trial, awarded plaintiff the principal sum of only $53.70.




ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see UDCA 1702; Greenfield v Tassinari, 8 AD3d 529 [2004]); and it is further,
ORDERED that the judgment is modified by increasing the award in favor of plaintiff to the principal sum of $2,673.48; as so modified, the judgment is affirmed, without costs.
In April 2011, defendant was served with an order to show cause seeking, among other things, to punish him for contempt for his failure to pay a portion of a distributive award in accordance with the terms of an April 2009 stipulation of settlement which had been incorporated but not merged into a judgment of divorce that had been entered in March 2010. On May 13, 2011, defendant signed a retainer agreement pursuant to which plaintiff was to represent defendant in the underlying matter, which was ultimately settled, by so-ordered stipulation, on March 12, 2012.
Plaintiff seeks to recover a total of $2,673.48, representing the amount allegedly remaining due for plaintiff's legal services rendered to defendant in the underlying matter. After a nonjury trial, the District Court, in a decision dated September 9, 2013, disallowed the sum of $2,620.08, which, the court believed, plaintiff was not entitled to recover, resulting in an award in favor of plaintiff of $53.70, as the court was under the impression that plaintiff was seeking the sum of $2,673.78. Plaintiff's appeal from the September 9, 2013 decision is dismissed, as no appeal lies from a decision (see UDCA 1702; Greenfield v Tassinari, 8 AD3d 529 [2004]). Plaintiff also appeals, on the ground of inadequacy, from a judgment in its favor in the principal sum of $53.70, which judgment was entered on September 9, 2013.
The retainer agreement entered into by the parties complied with the requirements of 22 NYCRR 1400.3. With respect to the $2,673.48 claimed to be due plaintiff for the legal services that had been rendered to defendant, plaintiff's witness, Nicholas A. Gabriele, Esq., submitted into evidence itemized billing statements, regularly sent to defendant, which indicated the legal services that had been rendered by Gabriele and his legal assistant, and the amount of time that had been spent thereon. While it appears that, during the course of plaintiff's representation, [*2]defendant did not object in any way to the work that had been done on his behalf or to the billing statements that had followed, defendant testified that he felt that he had been overcharged. It is undisputed that defendant had paid plaintiff a total of $4,100.
In its decision after trial, the District Court disallowed the sum of $812.50, which, the court stated, represented 2.5 hours of work that had been performed by plaintiff from April 11, 2011 to May 5, 2011, because the work had been done prior to May 13, 2011, the day defendant signed the retainer agreement with plaintiff. (The $812.50 sum was erroneously calculated by the court, as plaintiff's August 23, 2011 billing statement showed that plaintiff had performed 2.0 hours of legal services for the sum of $650, during the period from April 11, 2011 to May 5, 2011.) Defendant had not objected to being charged for those services and had, in fact, paid plaintiff for that work. As the work performed for defendant had been commenced shortly before the written retainer agreement was executed under circumstances indicating that time was of the essence, the court should not have disallowed compensation on this basis (cf. 22 NYCRR 1215.1 [c]). Moreover, by signing the retainer agreement, and by accepting the legal services which had been rendered prior to the execution of the agreement, defendant can be deemed to have implicitly ratified the agreement regarding the pre-retention services rendered (see generally Granato v Granato, 75 AD3d 434 [2010]).
The District Court also disallowed $1,277.50 for work that had been performed by plaintiff from May 13, 2011 through June 22, 2011, because that work was first reflected on the August 23, 2011 billing statement, in violation of the terms of the retainer agreement (which provided that billing statements would be mailed to defendant at least once every 60 days). The court reasoned that plaintiff's failure to provide defendant with written itemized bills at least every 60 days precluded it from collecting its fee for any services that had been rendered more than 60 days prior to their billing. This was error, because, by failing to object, defendant waived his right to be billed every 60 days (see Granato v Granato, 75 AD3d 434). Moreover, as defendant ultimately paid the August 23, 2011 billing statement without objecting to its untimeliness, defendant can be deemed to have ratified the billing statement (see Matter of Edelstein v Greisman, 67 AD3d 796 [2009]).
It is noted that, while an attorney's "utter failure to abide by" the rules pertaining to retainers, fee disputes and arbitration in domestic relations matters (see 22 NYCRR part 1400) precludes the attorney from collecting fees, even if the services had already been rendered (Julien v Machson, 245 AD2d 122, 122 [1997]; see also Hovanec v Hovanec, 79 AD3d 816 [2010]; Wagman v Wagman, 8 AD3d 263 [2004]; Mulcahy v Mulcahy, 285 AD2d 587 [2001]), where there has been "substantial compliance" with such rules, an attorney will be allowed to recover the fees owed for services rendered, but not yet paid for (Flanagan v Flanagan, 267 AD2d 80, 81 [1999]). In any event, almost all of the 11 statements submitted by plaintiff had been sent within 60 days of one another, demonstrating that plaintiff had substantially complied with the rules and therefore should have been able to recover the fees he charged for the services rendered (see Flanagan v Flanagan, 267 AD2d 80).
Defendant did not object to the provisions in the retainer agreement which clearly set forth plaintiff's policy in charging "administrative fees" for plaintiff's disbursements and "finance charges" for late payment. Nevertheless, the District Court disallowed $249.35 in "administrative fees" and $280.73 in "finance charges." The provision in the retainer agreement regarding "administrative fees" was set forth "in plain language" (22 NYCRR 1400.3) and was not susceptible to misunderstanding or confusion. In the absence of a showing that the "administrative fees" were not fair or reasonable, or that the retainer agreement was fraudulently or otherwise wrongfully procured, the $249.35 in "administrative fees" should not have been disallowed (see Matter of Sasson, 231 App Div 524 [1931]; see also Matter of Schanzer, 7 AD2d 275 [1959]). Similarly, the court's disallowance of $280.73 in "finance charges" was improper, as the "finance charge" provision in the retainer agreement fully informed defendant that simple interest at a rate of 15% per year would be assessed in the event of untimely payment, the provision was agreed to by defendant and the interest rate was not unreasonable (see generally [*3]NY City Bar Assn Comm on Prof Ethics Formal Op 2000-2 [2000]; NY St Bar Assn Comm on Prof Ethics Op 399 [1975]). Furthermore, the interest charged complied with all applicable laws (cf. General Obligations Law § 5-501; Penal Law § 190.40).
We note that defendant did not deny that plaintiff had done the work reflected in the bills and, upon a review of the bills in question, as well as the accompanying documentation, we find that the amount that plaintiff seeks to recover is not excessive or unreasonable.
We further note that we do not consider the factual assertions made or exhibits submitted by defendant in his brief to this court which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, as none of the deductions made by the District Court were warranted, the judgment is modified by increasing the award in favor of plaintiff by the sum of $2,619.78, to the principal sum of $2,673.48.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: January 06, 2017