Matter of Bernadette R. v Anthony V .L. (2022 NY Slip Op 03087)

Matter of Bernadette R. v Anthony V. L.

2022 NY Slip Op 03087

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

F-08291-06/17D Docket No. F-08291-06/17D Appeal No. 15913-15913A Case No. 2020-04624 2022-00090 

[*1]In the Matter of Bernadette R., Petitioner-Respondent,
v
Anthony V. L., Respondent-Appellant. 

Law Offices of Lauren N. Mallin, New York (Lauren N. Mallin of counsel), for appellant.
Blank Rome LLP, New York (Brett S. Ward of counsel), for respondent.

Order, Family Court, New York County (Jessica I. Bourbon, J.), entered on or about December 1, 2021, which, to the extent appealed from as limited by the briefs, denied respondent father's objections to the order, same court (Karen Lupuloff, J.), entered on or about October 28, 2020, which incorporated findings of fact, same court (Tionnei Clarke, Support Magistrate), unanimously affirmed, without costs. Order, same court (Karen Lupuloff J.), entered on or about October 28, 2020, which entered an order directing the father to pay attorney's fees in the amount of $62,009.90, effective nunc pro tunc to November 20, 2019, and directed the entry of a money judgment in that amount, unanimously modified, on the law, to the extent of vacating the entry of the money judgment, and otherwise affirmed, without costs.
Family Court properly concluded that the submission of the retainer agreement with petitioner mother's reply papers was not fatal to her motion for counsel fees, since the Family Court Act is clear that an award of the counsel fees is mandatory, not discretionary (Family Court Act §§ 454[3]; 438[b]; see Matter of Monique B. v Anthony S., 163 AD3d 404, 405 [1st Dept 2018]; Brantly v Brantly, 89 AD3d 881, 883 [2d Dept 2011]). Furthermore, the mother's attorneys substantially complied with the requirements of 22 NYCRR 1400.3, and to deny the mother's request for counsel fees under these circumstances would permit the father to avoid an adverse consequence of his violation of the parties' so-ordered child support agreement. Moreover, the rules pertaining to domestic relations matters (22 NYCRR part 1400 et seq.) were promulgated to govern the relationship between attorneys and clients and address abuses by attorneys against clients in such cases (see Julien v Machson, 245 AD2d 122 [1st Dept 1997]; Schmitt v Schmitt, 107 AD3d 1529, 1531 [4th Dept 2013]; Matter of Serazio-Plant [Channing], 299 AD2d 696, 698 [3d Dept 2002], lv denied 100 NY2d 512 [2003]). Accordingly, it would be inappropriate to permit the father to avoid his obligation by asserting the mother's attorneys' noncompliance with those rules in this proceeding.
Furthermore, the amount of fees awarded to the mother was reasonable under all the circumstances. Family Court properly considered the parties' ability to pay, the nature and extent of the services rendered, and the complexity of the issues involved, as well as counsel's experience, ability, and reputation. Similarly, the court properly found that the hourly rate charged by the mother's attorney was commensurate with other New York City practicing attorneys (see Matter of Monique B. v Anthony S., 163 AD3d at 405). Family Court also appropriately considered the parties' positions and actions during the litigation, finding that, although the willfulness hearing lasted multiple appearances and involved voluminous records, the mother's prima facie case was completed in one day, while the remaining dates were devoted to the father's [*2]proof (see Matter of Herschebein v Herschbein, 308 AD2d 585, 585 [2d Dept 2003]).
That the father prevailed on some of his contentions throughout the extended history of this support matter does not render the mother's allegations frivolous. However, the entry of a money judgment when no order directing payment of counsel fees had been entered was inconsistent with the procedure established by Family Court Act § 460, since the father was not in default in payment of an order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022