*160 OPINION OF THE COURT
R. Bruce Cozzens, Jr., J.
In this pending matrimonial action, the plaintiffs outgoing attorney seeks an order granting him a charging lien for his services rendered. The plaintiff, by his incoming attorney, has opposed this application.
A hearing was scheduled and ultimately commenced on August 6, 1998. After a continuance at the request of the outgoing attorney, the hearing resumed on August 10, 1998. At the court’s direction, the hearing was suspended before the outgoing attorney had completed his case.
At that point, a crucial issue arose concerning the attorney’s compliance with the court rules pertaining to the procedures for attorneys in domestic relations matters. Specifically, whether there had been compliance with 22 NYCRR 1400.2. Pursuant to that section, in pertinent part: “An attorney shall provide a prospective client with a statement of client’s rights and responsibilities in a form prescribed by the Appellate Divisions, at the initial conference and prior to the signing of a written retainer agreement.”
The outgoing attorney testified that, at the time of the signing of a retainer, the client was incarcerated. The client’s brother, who had power of attorney, signed the retainer agreement and the statement of client’s rights and responsibilities at the same time. The client never signed either of the documents. The outgoing attorney contends that he has complied with the quoted section by providing a copy of the statement to the client’s agent at the time that the retainer was signed.
The plaintiffs new attorney argues, inter alia, that the outgoing attorney’s failure to strictly comply with the court rules is fatal to his entitlement to legal fees.
In K. E. C. v C. A. C. (173 Misc 2d 592, 601 [Sup Ct, Kings County 1997]), the court stated: “Movant’s failure to establish compliance with the matrimonial rules precludes resort to the court for the determination of the amount of a charging lien. Failure to comply with these rules, at a minimum, should be a bar to the enforcement or collection of attorney’s fees.”
The outgoing attorney did not attempt to meet with his client to explain the client’s rights and responsibilities prior to the signing of the retainer.
Specific procedures have been adopted for the benefit of litigants in matrimonial actions. The rights of the litigants are not protected if the attorney does not comply with these *161 procedures. At no time did the client sign the retainer or the statement of client’s rights and responsibilities. The statement of client’s rights and responsibilities was never given by the attorney to the client. The rule is quite clear concerning the client’s right to have his attorney provide him with a copy of this statement.
Providing the statement to the client’s brother was not strict compliance with the mandated procedure. Pursuant to the strict compliance requirement as set forth in K. E. C. v C. A. C. (supra), the outgoing attorney’s application for a charging lien is deficient. By failing to produce proof of compliance with the court rules, the attorney cannot establish a prima facie case. The underlying order setting the matter down for a hearing is quite simple and reads as follows: “Upon the foregoing papers, it is ordered that the respective applications of incoming and outgoing counsel relating to the turnover of the file and counsel fees is hereby set down for a hearing on June 8, 1998, at 9:30 a.m.”
The issue of counsel fees is not framed or limited in any way. The burden is placed upon the outgoing attorney to establish his entitlement to a legal fee as well as the amount thereof.
The rules place a duty on the attorney to affirmatively act to notify the client of the latter’s rights and responsibilities. If the attorney fails to take such affirmative action, there is then no guarantee that the client has been made aware of his rights and responsibilities. Providing the statement to a person holding a power of attorney does not meet this burden of personal service upon the client.
This decision does not hold that a power of attorney in proper form, executed by a prospective client, cannot be used to retain an attorney in a matrimonial action. This decision holds that the rules adopted for matrimonial actions place an additional duty upon the legal profession. In order to protect the individual client, the attorney’s additional duty is to personally provide a copy of the statement to the prospective client before a retainer is signed. If this step is not taken, then the attorney has failed to comply with the rules. This failure alone precludes the attorney’s right to seek a fee.
The rules pertaining to matrimonial actions were promulgated to protect the public. Failure to abide by the rules results in an attorney’s preclusion from recovering a legal fee. (Julien v Machson, 245 AD2d 122 [1st Dept 1997].)
It is further noted that the outgoing attorney was not the plaintiff’s initial attorney. The retainer statement was not *162 timely filed. The court’s file shows that the plaintiffs net worth statement was filed with the court no later than May 2, 1996, with an order to show cause. The court rules require an incoming attorney to file his retainer agreement within 10 days of its execution (22 NYCRR 1400.3). The outgoing attorney testified that he did not file within this mandated period. The outgoing attorney claims that his retainer agreement was signed in September 1997 but not filed until some months later when a motion was made. This failure is also grounds for dismissal.
This court’s prior order dated June 16, 1998, and its direction from the Bench that the outgoing attorney turn over the plaintiffs matrimonial legal file to the incoming attorney, was stayed by a decision and order of the Appellate Division dated June 24, 1998. The direction of this court from the Bench had also preserved the outgoing attorney’s claim for a charging lien and had set that issue down for a hearing on a date certain. The stay was effective pending this decision. By its own terms, that stay is now lifted as this court has made its final determination. The outgoing attorney shall provide his file to the incoming attorney.
For the reasons set forth herein, the outgoing attorney’s application for a charging lien is dismissed.