■ RUDY MARKARD, Appellant, v HILDEGARD MARKARD, Defendant. ALLAN S. BOTTER, Nonparty Respondent. [692 NYS2d 733] —In an action for a divorce and ancillary relief, the plaintiff

appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated December 5, 1997, as denied that branch of his motion which was for the return of the retainer fee paid to his attorney, the nonparty-respondent, Allan S. Botter and directed arbitration of a fee dispute.

Ordered that the order is modified by deleting the provision thereof directing the parties to proceed to fee arbitration; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of the amount, if any, of the retainer fee to be returned to the appellant.

The plaintiff sought, *inter alia*, to discharge his attorney, Allan S. Botter and to have Botter return to him the entire retainer fee of $10,000, despite the fact that Botter claimed to have performed services on the plaintiff's behalf which exhausted most of that amount. Botter gave the plaintiff an itemized accounting of the services rendered and offered to return the minimal, unused portion of the retainer fee.

The retainer agreement signed by the plaintiff contained a waiver of itemized billing. The plaintiff argues that this was an improper provision which contravened the strict requirements of the matrimonial rules of this Court (*see,* 22 NYCRR 1400.3 [9]) and invalidated the retainer agreement and that he is therefore entitled to the return of the entire retainer fee. We disagree.

The Supreme Court did not improvidently exercise its discretion by denying the plaintiff's request for a refund of the retainer fee (*see,* 22 NYCRR 1400.3, 1400.3 [9]). Contrary to the plaintiff's contention, where a retainer agreement fails to comply with the provisions of the matrimonial rules, the court need not return fees properly earned by an attorney. Where, as here, the discharge is by consent and is not for just cause, a court may determine the value of an attorney's services on a quantum meruit basis (*see, Hom v Hom,* 210 AD2d 296, 297). The cases upon which the plaintiff relies to support his contention that any failure to comply with the matrimonial rules precludes the collection of fees are distinguishable, as they concern attorneys seeking to compel clients to pay for services rendered but not paid for and not retainer fees already paid (*see, Philips v Philips,* 178 Misc 2d 159, 160; *Flanagan v Flanagan,* 175 Misc 2d 160, 164-165; *K.E.C. v C.A.C.,* 173 Misc 2d 592, 601; *L.H. v V.W.,* 171 Misc 2d 120, 124).

Since the plaintiff did not seek arbitration to determine the

value of Botter's services, the court erred in directing that the parties proceed to arbitration (*see,* 22 NYCRR 1400.3 [13]; Code of Professional Responsibility DR 2-106 [E] [22 NYCRR 1200.11 (e)]). Rather, the court should have determined, after a hearing, the value of those services and the portion, if any, of the retainer fee to be returned to the plaintiff. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.