(December 14, 1999)

■ CHRISTOPHER FLANAGAN, Appellant, v ANGELA FLANAGAN, Defendant. ROY A. MCKENZIE, Nonparty Respondent. [699 NYS2d 406] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered on or about May 13, 1998, which granted the motion of the respondent-attorney (defendant's former counsel) for reargument of a prior order and judgment, entered April 6, 1998, denying his motion for counsel fees and, upon reargument, ordered that plaintiff pay respondent-attorney $29,655.30, that any sums representing fees owed respondent-attorney held in escrow be released promptly, and that respondent-attorney have an attorney's lien on records remaining in his possession until the fees are paid, unanimously modified, on the law and the facts, to the extent that the aforementioned fee payment to respondent-attorney be reduced to $11,905.30, and otherwise affirmed, without costs.

In this matter involving an attorney's fee in a matrimonial action, we find that although the respondent-attorney did not fully comply with the mandates of 22 NYCRR 1400.2 and 1400.3, which, respectively, require that counsel provide prospective clients with information as to their rights and responsibilities before entering into a retainer agreement and that specified provisions be included in retainer agreements, there was substantial compliance with those requirements and defendant waived her right to arbitration of the attorneys' fees dispute. This, along with the fact that counsel rendered substantial services and achieved reasonably favorable results, should entitle him to a reasonable fee. We also note that the record indicates that in a contempt proceeding before Justice Gangel-Jacobs and in an enforcement proceeding before Justice Heitler where respondent-attorney represented defendant-wife, those courts found, respectively, that the respondent-attorney was entitled to no fee, due to the frivolous nature of the motion, and to a sharply-reduced fee ($1,000). The record also indicates that respondent-attorney failed to keep sufficiently detailed records (*see, Matter of Jackson*, 120 AD2d 309, 315, *lv denied* 69 NY2d 608) in that his billings consistently commingled various tasks within a given number of hours without setting forth the amount of time devoted to each task. Consequently, where respondent-attorney is seeking a total of $80,655.30 for the representation of defendant-wife for approximately one year, and was awarded $41,000 in interim fees, the latter which we find to have been reasonable under the circumstances, we would reduce his remaining claim of $39,655.30 by the amounts excluded by the motion courts, which, by our estimation based on review of respondent-attorney's billings and other record evidence, amount to 48 hours at $250 per hour, or $12,000, for the contempt motion and 63 hours at $250 per hour, or $15,750, for the enforcement motion. Thus, we find him entitled to a payment of $11,905.30, in addition to the interim awards, which comes to a total of $52,905.30 for his representation of defendant-wife. Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.