■ ANNA MULCAHY, Respondent, v JOHN MULCAHY, Appellant. [728 NYS2d 90] —In a matrimonial action in which the parties were divorced by judgment entered November 6, 1997, the defendant appeals from an amended order of the Supreme Court, Orange County (Peter C. Patasalos, J.), entered March 2, 2000, which, after a hearing, *inter alia*, awarded the plaintiff an attorney's fee in the sum of $9,740, and directed that he pay the plaintiff maintenance in the sum of $775 biweekly for her lifetime.

Ordered that the appeal from the amended order is dismissed as to all issues except the award of an attorney's fee; and it is further,

Ordered that the amended order is modified, on the law, by deleting the provision thereof awarding an attorney's fee in the sum of $9,740 and substituting therefor a provision awarding an attorney's fee in the sum of $6,032.55; as so modified, the amended order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A litigant may not raise any issue on a subsequent appeal which was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution (*see, Bray v Cox*, 38 NY2d 350; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750). Here, the defendant appealed from a prior order of

the Supreme Court, Orange County, entered July 30, 1999, which, after a hearing, *inter alia*, directed the defendant to pay the plaintiff maintenance in the sum of $775 biweekly for her lifetime. That appeal (App Div Docket No. 1999-08775) was dismissed by decision and order of this Court dated June 13, 2000, for failure to prosecute. The dismissal for lack of prosecution bars the instant appeal as to all issues except an award of an attorney's fee, as those issues could have been raised on the prior appeal (*see, Gallagher v New York City Tr. Auth.,* 270 AD2d 228; *Bray v Cox, supra*).

The plaintiff paid her attorney a $4,000 retainer to perfect a prior appeal, and $2,032.55 was expended on printing costs. Thereafter, the plaintiff's counsel performed additional services for the plaintiff. The plaintiff's counsel did not file a retainer agreement with respect to any of these additional services. The plaintiff's counsel acknowledges that there was no written retainer agreement for services performed subsequent to the prior appeal.

An attorney is precluded from seeking fees from his or her client where the attorney has failed to comply with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement that sets forth, *inter alia*, the terms of compensation and the nature of services to be rendered (*see, Kayden v Kayden,* 278 AD2d 202; *Potruch v Berson,* 261 AD2d 494). 22 NYCRR 1400.3 was "promulgated to address abuses in the practice of matrimonial law and to protect the public," such that failure to comply with the rule precludes recovery of an attorney's fee (*Julien v Machson,* 245 AD2d 122).

An attorney may recover a fee from an adversary spouse where there is substantial compliance with 22 NYCRR 1400.3 (*see, Cromer v Cromer,* 274 AD2d 371; *Flanagan v Flanagan,* 267 AD2d 80). Although the plaintiff's attorney may have achieved favorable results for the plaintiff and provided her with copies of bills and other correspondence, these acts do not constitute substantial compliance with 22 NYCRR 1400.3, such that the plaintiff's attorney may recover an attorney's fee from the defendant for additional services rendered subsequent to the plaintiff's prior appeal. Where there is noncompliance with 22 NYCRR 1400.3, a court need not direct the return of a retainer fee already paid for properly-earned services (*see, Markard v Markard,* 263 AD2d 470).

Accordingly, the award of an attorney's fee is reduced to $6,032.55, which represents the $4,000 retainer paid by the plaintiff for the prior appeal and the $2,032.55 expended for reproducing the record on that appeal. The Supreme Court

improperly awarded an attorney's fee in excess of that amount. Altman, J. P., Goldstein, Friedmann and Cozier, JJ., concur.