■ CHRISTINE SHERMAN, Appellant, v CHARLES SHERMAN, Respondent. [824 NYS2d 656]—

In a matrimonial action in which the parties were divorced by judgment entered August 21, 2001, the plaintiff appeals from an order of the Supreme Court, Nassau County (Gibson, Ct Atty Ref), dated January 31, 2005, which denied her motion for an award of an attorney's fee.

Ordered that the order is affirmed, with costs.

Absent substantial compliance with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement setting forth, inter alia, the terms of compensation and the nature of services to be rendered, an attorney may not recover a fee from an adversary spouse (*see Bishop v Bishop*, 295 AD2d 382, 383 [2002]; *Mulcahy v Mulcahy*, 285 AD2d 587, 588 [2001]; *Flanagan v Flanagan*, 267 AD2d 80, 81 [1999]; 22 NYCRR 1400.3). Here, the retainer agreement between the appellant and her attorney terminated by its own terms upon entry of the judgment of divorce. Contrary to the appellant's contention, the filing of a new retainer agreement in support of the instant motion for a postjudgment attorney's fee, which purportedly ratified the former agreement, did not amount to substantial compliance with the matrimonial rules (*see Wagman v Wagman*, 8 AD3d 263 [2004]). Accordingly, the Supreme Court properly concluded that the appellant's attorney was not entitled to recover a fee for postjudgment services rendered to the appellant.

The appellant's remaining contention regarding the award of an attorney's fee incurred following the submission of the second retainer agreement in support of the instant motion is not properly before this Court. Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.