█ LAW OFFICE OF SHELDON EISENBERGER, Respondent, v ELAINE BLISKO, Appellant. [965 NYS2d 501]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 12, 2012, which, after a nonjury trial, found defendant owed plaintiff law office the principal amount of $83,775.69 in legal fees related to her divorce proceedings, unanimously modified, on the law, to find that the retainer, through its language, terminated upon the commencement of the grounds trial, and remand to the Supreme Court, New York County for recalculation in accordance with this opinion, and otherwise affirmed, without costs.

Plaintiff, the Law Office of Sheldon Eisenberger (the law office), brought this action seeking legal fees from defendant Elaine Blisko arising from plaintiff's representation of defendant in her divorce proceedings. On March 13, 2008, Blisko met with Sheldon Eisenberger, the principal of the law office, to discuss the law office's possible representation of her. Also present at the meeting was a matrimonial attorney not associated with the law office, Patricia Mandel. Eisenberger stated that he asked Mandel to attend the meeting because he does not routinely handle matrimonial actions and wanted her assistance in representing Blisko. At the end of the meeting, Blisko and

Eisenberger signed a retainer agreement and a statement of client's rights and responsibilities. The retainer states that the law office will represent Blisko "in a matrimonial action, including motions and Court appearances up to but not including an actual trial on the matter." Although the retainer lists the law office's hourly fee, it does not indicate the hourly fees of any other attorney who would be working on the case, as required.

The law office filed an action against Blisko's husband in January 2009. However, the action was discontinued as the couple attempted to reconcile. When the reconciliation failed, the law office filed a second matrimonial action on Blisko's behalf in March 2009. As part of this second action, Eisenberger, Mandel and another associate at the law office attended a preliminary conference on June 12, 2009. At that conference, the motion judge found that a trial was necessary to determine the grounds for the divorce and the trial was calendared for August 18, 2009. The trial commenced on that day, with the law office representing Blisko. However, a few days later the trial was adjourned pending settlement discussions.

In October 2009, Blisko retained new counsel to represent her in the divorce proceedings. A letter seeking consent to change of counsel was sent to the law office, which was signed and returned. In addition to the consent form, the law office included a letter stating that Blisko still owed unpaid legal fees. Blisko did not pay the outstanding legal fees and filed a request for arbitration, which was decided in her favor.

Following arbitration, the law office commenced this action seeking unpaid legal fees in the amount of $83,775.69 and a trial was held on the claim. Blisko asserted that the retainer did not comply with 22 NYCRR 1400.3 because it did not state the "[h]ourly rate of each person whose time" was charged to her, but rather only stated the hourly rate of Eisenberger and made no mention of any other attorney working on the case. Blisko also contended that the retainer expressly stated that the law office's representation did not include being trial counsel. The trial court rejected Blisko's arguments and ordered her to pay $83,775.69 to the law office, in addition to the substantial amount she already had paid.

We modify because the law office should be denied any legal fees arising from representation of Blisko after the grounds trial commenced (see *Sherman v Sherman*, 34 AD3d 670, 671 [2d Dept 2006]). The plain language of the retainer states that the law office's representation of Blisko includes work leading "up to" a trial, "but not including an actual trial." Indeed, the law office acknowledges that the retainer did not include repre-

sentation at trial. Following the commencement of the trial on August 18, 2009, the retainer between the law office and Blisko terminated and plaintiff was representing Blisko without a written retainer (*see Sherman*, 34 AD3d at 671).

The law office contends that, even if the retainer terminated when the trial began, it may still collect unpaid fees from Blisko because it substantially complied with the requirements of 22 NYCRR 1400.3 (*Granato v Granato*, 75 AD3d 434, 434 [1st Dept 2010]; *Flanagan v Flanagan*, 267 AD2d 80, 81 [1st Dept 1999]; 22 NYCRR 1400.3). The substantial compliance argument has no relevance to this issue because there was no trial retainer at all (*see Sherman*, 34 AD3d at 671). If the law office wanted to be paid for representing Blisko at trial, it needed to have the client sign a new retainer. Moreover, there is no indication that the law office explained the limited nature of the retainer to the client, who then agreed to expand its scope to include the actual trial (*cf. Gross v Gross*, 36 AD3d 318, 319-323 [2d Dept 2006] [a second retainer was not required where an attorney continued to represent the law firm's client after the law firm dissolved, as the client signed a consent to change attorney form]).

Although the law office cannot receive legal fees for any services completed after trial commenced, it may receive any outstanding unpaid fees for work completed prior to commencement of the actual trial. The law office substantially complied with the requirements of 22 NYCRR 1400.3 by giving the client the required statement of client rights and responsibilities and by listing the fee of the primary attorney (*see Flanagan*, 267 AD2d at 81). Blisko's testimony indicates that she was aware that more than one attorney was working on her case, and that she received bills reflecting the work of multiple attorneys.

Finally, as a general principle, the law office "need not return fees [it] properly earned" (*Markard v Markard*, 263 AD2d 470, 471 [2d Dept 1999]). Although the retainer does not fully comply with 22 NYCRR 1400.3, the law office did complete work that was within the scope of the pretrial retainer, and therefore it is not required to return fees already paid to it for work completed before the trial (*see Mulcahy v Mulcahy*, 285 AD2d 587, 588 [2d Dept 2001], *lv denied* 97 NY2d 605 [2001]; *Markard*, 263 AD2d at 471). When a client is seeking the return of funds already paid to the attorney, the attorney does not need to show substantial compliance with 22 NYCRR 1400.3, but only that the fees paid were properly earned (*Markard*, 263 AD2d at 471; *Mulcahy*, 285 AD2d at 588).

We have considered the parties' remaining arguments and find them unavailing. Concur—Andrias, J.P., Acosta, Freedman, Richter and Gische, JJ.