[5 NYS3d 672]

HYMAN & GILBERT, Plaintiff, v GAIL WITHERS, Defendant.

Supreme Court, Westchester County, December 17, 2014

### APPEARANCES OF COUNSEL

*Hyman & Gilbert*, Larchmont, for plaintiff.
*Owen & Eddy*, White Plains, for defendant.

### OPINION OF THE COURT

WILLIAM J. GIACOMO, J.

## Factual and Procedural Background

The facts of this case are generally not in dispute.

On August 6, 2008, defendant, appearing pro se, filed a petition in the New Rochelle Family Court seeking arrears in child support, maintenance and additional expenses owed to her by her ex-husband Mr. Withers pursuant to the terms of a matrimonial judgment.

Thereafter, on August 22, 2008, in apparent retaliation for defendant filing a petition for arrears, Mr. Withers filed a petition for downward modification of his obligations under the separation agreement.

On September 9, 2008, defendant retained plaintiff law firm to represent her in the Family Court matter against Mr. Withers. On this date defendant signed a retainer statement and also signed the statement of client's rights and responsibilities. She was given a copy of each document.

On or about August 6, 2009, Support Magistrate Carol Ann Jordan found in favor of defendant and found Mr. Withers to be in arrears. Magistrate Jordan awarded defendant $83,590.04 through June 2009. On December 8, 2009, Judge Nilda Morales Horowitz rendered a decision and order which affirmed the August 6, 2009 findings. Thereafter, on November 23, 2009, Judge Horowitz rendered a decision and order denying Mr. Withers' objections to the decision.

On January 21, 2010, Mr. Withers' new appellate counsel filed notices of appeal with regard to the Family Court orders. Subsequent to these filings, numerous orders to show cause were filed by appellate counsel which were responded to by plaintiff law firm on behalf of defendant.

On March 8, 2010, the defendant was asked to sign a second retainer agreement with plaintiff's firm which covered the ongoing postjudgment matters. The retainer agreement was similar in all respects to the initial retainer agreement dated September 9, 2008 except for an increase in the fees charged by the attorneys. Notably, both retainer agreements expressly excluded any work with regard to appeals.

On March 11, 2010, plaintiff was served with an order to show cause filed in Supreme Court by Mr. Withers wherein Mr. Withers sought a downward modification and a suspension of maintenance payments due to defendant's alleged willful interference with Mr. Withers' parental rights. Thereafter, on behalf of defendant, plaintiff filed a cross motion for dismissal of the order to show cause together with a request for attorney's fees in the Supreme Court, Westchester County. While this application was pending, plaintiff was served with the appellate brief filed by Mr. Withers.

By decision and order dated September 29, 2010, the Supreme Court, Westchester County (Sam Walker, J.) issued a decision denying Mr. Withers' motion. The court granted plaintiff's cross motion in its entirety and awarded her attorney's fees. On January 4, 2011, after the parties failed to reach an agreement regarding the amount of attorney's fees to be awarded to plaintiff, Judge Walker amended the September 29, 2010 decision and order and awarded plaintiff attorney's fees against Mr. Withers in the amount of $10,000.

Shortly thereafter plaintiff, on defendant's behalf, filed a motion in Family Court seeking an award of attorney's fees pursuant to Magistrate Jordan's August 6, 2010 order. By order dated November 21, 2012 the motion was granted and defendant was awarded a money judgment in the amount of $41,044.06 against Mr. Withers for the work done by plaintiff's firm in the Family Court action.

During the course of plaintiff's two-year representation of defendant, defendant was billed $123,214.80. There is no dispute that plaintiff was paid $46,878.66. Thus, there is an outstanding balance due of $76,336.14.

On May 25, 2011, plaintiff commenced this action in breach of contract and an account stated against defendant. Plaintiff is seeking the balance allegedly due of $76,336.14 together with interest on this amount of $29,043.35 for a total of $105,379.49.

A trial was held before this court during which each party submitted their evidence and argument. At trial plaintiff called Catherine M. Staropoli, Esq., to testify as she was the attorney directly involved in all of the litigation between defendant and Mr. Withers. Defendant was her only witness.

## Arguments

In its trial brief, plaintiff argues that the decision and orders of the Family Court and Supreme Court do not bar it from pursuing and collecting attorney's fees from defendant. Plaintiff claims that pursuant to the language of its retainer agreement, the amount collected pursuant to the court award of attorney's fees is to be credited to a client's account, however, the client shall remain liable for any additional balance due.

Plaintiff also argues that it is entitled to attorney's fees for the appellate work it performed for defendant because the retainer agreements are labeled "POST JUDGMENT RE-TAINER AGREEMENT" even though the agreement states that it does not apply to any appeals or postjudgment actions proceedings, or applications. Plaintiff argues that since there is this ambiguity, the court should look at parole evidence to determine the intent of the parties in entering into the retainer agreements. Plaintiff argues that a review of the emails received from defendant establishes that she intended to retain them for the Family Court matters as well as the appellate matters. Moreover, plaintiff argues that since it substantially complied with the rules governing matrimonial retainer agreements, it is entitled to an award of attorney's fees with regard to the appellate work it performed for defendant.

Finally, plaintiff argues that the amount charged for the work it performed was reasonable, that it is entitled to interest on the amount unpaid and that, to date, defendant has paid only $47,945.39. Plaintiff also seeks an award of attorney's fees for having to commence this collection action.

In opposition, defendant argues that the plaintiff cannot recover legal fees in excess of the $41,044.06 awarded to her in the judgment signed by Judge Horowitz on the recommendation of Magistrate Jordan.

Defendant also argues that plaintiff is only entitled to the $10,000 awarded to her in the Supreme Court action since that is the amount that Justice Walker found to be fair and reasonable in that action.

Finally, defendant argues that plaintiff cannot recover any monies for any appellate work since appellate work was specifi-

cally excluded pursuant to the language of the retainer agreements entered into by the parties. Defendant argues that pursuant to the provisions of 22 NYCRR 1400.3, a written agreement which does not have the terms of compensation and the nature of services to be rendered in plain language, cannot be enforced. Defendant argues that in both retainer agreements appellate work is expressly excluded.

Defendant also argues that plaintiff could have prepared a new retainer agreement to cover its appellate work. She notes that when Mr. Withers commenced an action in the Supreme Court plaintiff had her execute a second retainer agreement wherein plaintiff raised its hourly rates. According to defendant, plaintiff could easily have changed the agreement to add appellate work but chose not to do that. Thus, since the plaintiff did not do this, it is prevented from recovering the approximately $42,000 in legal fees it seeks for work performed opposing Mr. Withers' appeal.

## Discussion

### Fees Sought with Respect to the Family Court Matter

■ Plaintiff's claim for additional legal fees in the Family Court matter is denied.

In the Family Court matter, plaintiff sought $41,066.06 and was awarded $41,066.06. Thus, plaintiff was awarded exactly what it requested. Therefore, it cannot now claim that it is entitled to additional fees. Notably, plaintiff, on defendant's behalf, did not appeal the award of attorney's fees. Thus, plaintiff is collaterally estopped from seeking an additional award for the same work (see Neroni v Harlem, 44 Misc 3d 1229[A], 2014 NY Slip Op 51373[U] [Sup Ct, Delaware County 2014]).

### Fees Sought with Respect to the Supreme Court Matter

Plaintiff's application for additional fees for work performed in the Supreme Court matter is denied.

A review of the motion papers filed by the plaintiff in that action reveals that plaintiff requested an award of attorney's fees from Judge Walker without indicating the amount of attorney's fees sought. However, plaintiff did suggest that the court should sanction Mr. Withers in the amount of $10,000. In any event, as a result of the motion for legal fees, the court issued a judgment dated January 4, 2011 wherein it awarded the sum of $10,000 as and for legal fees in the Supreme Court

action. Thus, plaintiff law firm is estopped from requesting an additional $31,859.79, which is what it seeks for legal fees expended in that action. (*See Abrahams v Commonwealth Land Tit. Ins. Co.*, 120 AD3d 1165 [2d Dept 2014]; *cf. 1050 Tenants Corp. v Lapidus*, 118 AD3d 560 [1st Dept 2014].)

Fees Sought with Respect to Appellate Work

■ Plaintiff's claim for $42,130.92 for the appellate work it performed for defendant is denied.

22 NYCRR 1400.3, "Written retainer agreement," provides in relevant part:

> "An attorney who undertakes to represent a party and enters into an arrangement for, charges or collects any fee from a client shall execute a written agreement with the client setting forth in plain language the terms of compensation and the nature of services to be rendered. The agreement, and any amendment thereto, shall be signed by both client and attorney, and, in actions in Supreme Court, a copy of the signed agreement shall be filed with the court with the statement of net worth. Where substitution of counsel occurs after the filing of the net worth statement, a signed copy of the attorney's retainer agreement shall be filed with the court within 10 days of its execution. A copy of a signed amendment shall be filed within 15 days of signing. A duplicate copy of the filed agreement and any amendment shall be provided to the client. The agreement shall be subject to the provisions governing confidentiality contained in Domestic Relations Law, section 235 (1)."

Notably both retainers expressly state:

> "*This agreement does not apply to any appeals* or post-judgment actions, proceedings, or applications and that, if such agreement were to be accepted by this firm in the future, the firm's representation would have to [be] evidenced by execution of another and separate Retainer Agreement. However, this retainer agreement in way obligates the firm to accept any such engagement in the future." (Emphasis added.)

It is clear that both retainer agreements expressly exclude appellate work. Accordingly, the court finds that the agreements are clear and unambiguous. Therefore, there is no need to resort to parole evidence (*see Outstanding Transp., Inc. v In-*

*teragency Council of Mental Retardation & Dev. Disabilities, Inc.*, 110 AD3d 1049 [2d Dept 2013] [Evidence outside the four corners of a document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing; thus, before looking to evidence of what was in the parties' minds, a court must give due weight to what was in their contract]).

It is clear from a review of the language in the retainer agreements that plaintiff chose to reserve its right to execute a new retainer agreement for appellate work and potentially change the fee arrangement just like it did after Mr. Withers commenced the Supreme Court action. Moreover, the court notes that at trial when asked by the court how plaintiff could request payment for appellate work when appellate work was specifically excluded by the retainer agreement, witness Catherine M. Staropoli, a member of plaintiff's law firm, had no answer.

Although plaintiff argues that 22 NYCRR 1400.3 does not apply to this situation, part 1400 of the NYCRR applies to

"all attorneys who, on or after November 30, 1993, undertake to represent a client in a claim, action or proceeding, or preliminary to the filing of a claim, action or proceeding, in either Supreme Court or Family Court, or in any court of appellate jurisdiction, for divorce, separation, annulment, custody, visitation, maintenance, child support, or alimony, or to enforce or modify a judgment or order in connection with any such claims, actions or proceedings" (22 NYCRR 1400.1).

As the Appellate Division, Second Department noted in *Mulcahy v Mulcahy* (285 AD2d 587, 588 [2d Dept 2001]):

"An attorney is precluded from seeking fees from his or her client where the attorney has failed to comply with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement that sets forth, inter alia, the terms of compensation and the nature of services to be rendered (*see, Kayden v Kayden*, 278 AD2d 202; *Potruch v Berson*, 261 AD2d 494). 22 NYCRR 1400.3 was 'promulgated to address abuses in the practice of matrimonial law and to protect the public,' such that failure to comply with the rule precludes recovery of an attorney's fee (*Julien v Machson*, 245 AD2d 122)."

Plaintiff's argument that it substantially complied with the provisions of 22 NYCRR 1400.3 is unavailing. In a similar

case, *Law Off. of Sheldon Eisenberger v Blisko* (106 AD3d 650 [1st Dept 2013]), plaintiff and defendant entered into a retainer agreement that included all work up to but expressly not including trial work. Nevertheless, the plaintiff represented defendant for the first few days of trial before defendant obtained new counsel. In rejecting plaintiff's argument of substantial compliance with 22 NYCRR 1400.3, the First Department stated:

> "The substantial compliance argument has no relevance to this issue because there was no trial retainer at all (*see Sherman*, 34 AD3d at 671). If the law office wanted to be paid for representing Blisko at trial, it needed to have the client sign a new retainer. Moreover, there is no indication that the law office explained the limited nature of the retainer to the client, who then agreed to expand its scope to include the actual trial (*cf. Gross v Gross*, 36 AD3d 318, 319-323 [2d Dept 2006] [a second retainer was not required where an attorney continued to represent the law firm's client after the law firm dissolved, as the client signed a consent to change attorney form])" (*id.* at 652).

Just as in *Law Off. of Sheldon Eisenberger*, plaintiff's substantial compliance argument is without merit since the retainer agreement expressly excluded appellate work.

## Quantum Meruit

The court notes that although the complaint does not seek to recover legal fees on a quantum meruit basis, plaintiff now argues that it is entitled to an award on the basis of quantum meruit. Notably, the complaint makes no such request and limits its causes of action to breach of contract and account stated. The complaint was never amended prior to trial. Thus, plaintiff is estopped from asserting a cause of action for quantum meruit that was only raised at the time of trial.

Further, to allow such an amendment would render the requirements of 22 NYCRR 1400.3 superfluous and meaningless (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54 [2d Dept 2007] [An attorney's noncompliance with rule 1400.3 and concomitant breach of Code of Professional Responsibility DR 2-106 (c) (2) (ii) typically preclude the attorney's recovery of fees in domestic relations matters]).

In light of the above, plaintiff failed to establish entitlement to additional legal fees.

Based on the foregoing, plaintiff's complaint seeking legal fees on the basis of breach of contract and an account stated is denied and the complaint is dismissed.