[4 NYS3d 814]

ILENE MILLER, Respondent, v PATRICK J. CARLE, ESQ., Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, January 15, 2015

## APPEARANCES OF COUNSEL

*Patrick J. Carle*, Suffern, appellant pro se.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $1,220; as so modified, the judgment is affirmed, without costs.

In this small claims action, plaintiff seeks to recover a $2,000 retainer fee that she had paid to defendant, an attorney. After a nonjury trial, the Justice Court awarded her the principal sum of $2,000.

The evidence at trial showed that, on October 12, 2010, plaintiff met with defendant to discuss the possibility of his representing her in a matrimonial matter, and gave him a bank check in the sum of $2,000, bearing the notation "retainer" on it, although it was uncontroverted that plaintiff did not want to initiate any matrimonial action at that time. At their initial conference, defendant advised plaintiff that his hourly rate was $300, but plaintiff was given neither a statement of client's rights and responsibilities nor a written retainer agreement. During 2010 and 2011, the parties had several telephone conversations and one or two office conferences, but it was not until May 23, 2012 that plaintiff told defendant that she wanted him to commence his representation of her in the matrimonial matter. On May 25, 2012, defendant

informed plaintiff's husband that he had been retained by plaintiff, and, on June 14, 2012, defendant prepared and sent to plaintiff a retainer agreement, accompanied by a statement of client's rights and responsibilities. Between June 1, 2012 and July 6, 2012, defendant exchanged phone calls and correspondence with plaintiff's husband's attorney. Plaintiff discharged defendant on July 9, 2012. Thereafter, on July 16, 2012, defendant sent plaintiff a letter acknowledging that he had been discharged and annexing his "statement of services" in the sum of $2,055, representing that, from October 12, 2010 through July 6, 2012, he had performed 6.85 hours of legal work at an hourly rate of $300. Plaintiff commenced this small claims action to recover her $2,000 retainer fee.

In order to address abuses in the practice of matrimonial law and to protect the public (*see Hovanec v Hovanec*, 79 AD3d 816, 817 [2010]; *Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 61 [2007]), all attorneys who undertake to represent a client in a claim, action or proceeding, or preliminary to the filing thereof, in either Supreme Court or Family Court, for a domestic relations matter must comply with the mandates of 22 NYCRR 1400.2 and 1400.3, which, respectively, require that counsel provide prospective clients with information as to their rights and responsibilities before entering into a retainer agreement and that specified provisions be included in retainer agreements.

While an attorney is precluded from recovering fees for services rendered where there has been complete noncompliance with the mandatory requirements of the matrimonial rules with respect to retainer agreements, where a client seeks the return of funds already paid to the attorney, the attorney may defend by showing "that the fees paid were properly earned" (*Law Off. of Sheldon Eisenberger v Blisko*, 106 AD3d 650, 652 [2013]; *see Mulcahy v Mulcahy*, 285 AD2d 587, 588 [2001]; *see also Markard v Markard*, 263 AD2d 470 [1999]).

Defendant demonstrated that, from May 23, 2012, the date that plaintiff authorized defendant to represent her in the matrimonial matter, until July 9, 2012, the date of discharge, he had been in contact with plaintiff, and had spoken with and exchanged correspondence with plaintiff's husband's counsel regarding, among other things, the couple's financial situation and a possible settlement of the matter. The time spent on these services amounted to 2.6 hours. Plaintiff acknowledged that she had been informed of defendant's $300 hourly rate at

the initial consultation. Thus, a total of $780 in legal fees should be deducted from the judgment of $2,000, since those fees may be considered to have been "properly earned."

We, however, disagree with defendant's contention that he was entitled to retain, as "properly earned," the remaining $1,220 that plaintiff had paid him, based on the services he had rendered from the date of the parties' initial consultation on October 12, 2010 until May 23, 2012. Although neither a formal retainer agreement nor a written understanding is required as a precondition to an attorney's charging a fee for a consultation in a matrimonial matter, the client should be accorded a clear understanding of the cost of the consultation and the method by which it will be calculated (see NY St Bar Assn Comm on Prof Ethics Op 685 [1997]). Even if we assume that, during that time period, defendant viewed the relationship with plaintiff as one of continuing consultation, plaintiff had no clear understanding that she would be charged for consulting with defendant or of how such charges would be calculated. Moreover, while it appears that defendant did perform some services for plaintiff from October 12, 2010 until May 23, 2012, during that entire time period he did not bill her for any of the services he had performed. Therefore, under the particular circumstances presented, we find that plaintiff is entitled to recover the remaining $1,220 she paid to defendant.

Accordingly, in order to achieve "substantial justice" between the parties (UJCA 1804, 1807), the judgment is modified by reducing the amount awarded to plaintiff to the principal sum of $1,220.

TOLBERT, J.P., IANNACCI and GARGUILO, JJ., concur.