■ · Hyman & Gilbert, Appellant, v Gail Withers, Respondent. [58 NYS3d 90]—

In an action to recover legal fees, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Giacomo, J.), entered March 24, 2015, which, upon a decision of the same court dated December 17, 2014, made after a nonjury trial, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This is an action to recover legal fees based on the plaintiff law firm's representation of the defendant in her efforts to enforce the maintenance and child support provisions of her separation agreement and judgment of divorce, and to oppose her former husband's petition for downward modification of his maintenance and child support obligations.

In September 2008, the defendant signed a "post judgment retainer agreement," securing the services of the plaintiff, inter alia, "to represent [her] in a post matrimonial proceeding." The agreement provided that it did not apply to "any appeals," and that if any "such engagement were to be accepted by this firm in the future, the firm's representation would have to be evidenced by execution of another and separate Retainer Agreement."

The plaintiff thereafter filed a petition on behalf of the defendant in the Family Court for accumulated support arrears and add-on expenses. In an order dated August 4, 2009, a Support Magistrate directed the entry of a money judgment against the former husband for child support arrears in the principal sum of $83,590.04. That determination was affirmed by this Court (see Matter of Withers v Withers, 79 AD3d 1138 [2010]).

In 2010, the plaintiff filed another violation petition in the Family Court on behalf of the defendant for additional child support and maintenance arrears totaling $29,117.05. The defendant then signed a second retainer agreement, which was

similar in all respects to the initial retainer agreement except for an increase in hourly fees.

The former husband then moved in the Supreme Court to terminate his maintenance obligation and for downward modification of his child support obligation. The plaintiff sought attorney's fees in the sum of $10,000 on behalf of the defendant for defending that motion. In an order dated January 4, 2011, the Supreme Court denied the former husband's motion, and awarded the defendant $10,000 in attorney's fees, payable directly to the plaintiff.

The plaintiff filed another petition in the Family Court on behalf of the defendant for attorney's fees incurred in the Family Court proceedings in the sum of $41,044.06, and the plaintiff was awarded that amount in an order dated November 21, 2012.

The plaintiff then commenced this action to recover attorney's fees in the sum of $80,317.52 arising from work it performed in the Family Court and the Supreme Court, and for appellate work. The complaint asserted two causes of action: breach of contract and on an account stated. At the nonjury trial, the plaintiff raised an additional claim sounding in quantum meruit. The Supreme Court found that (1) the plaintiff could not obtain additional fees for its work in the Family Court, because the Family Court had already awarded it attorney's fees for the sum it requested, (2) the plaintiff was not entitled to recover additional attorney's fees for its work in the Supreme Court, and (3) the plaintiff was not entitled to attorney's fees for its appellate work, because it never entered into a retainer agreement with its client for such work. In the judgment appealed from, the court dismissed the complaint. The plaintiff appeals.

An attorney is not precluded from seeking fees charged pursuant to a retainer agreement that are greater than the amount granted to the client by the court in the action where the circumstances warrant, such as where the fees awarded by the court are less than the amount demanded (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54 [2007]). Here, the plaintiff obtained awards of the amounts demanded in both the Family Court and Supreme Court matters and, accordingly, was not entitled to additional fees.

With respect to the appellate work provided, there was no written retainer agreement, which is required by 22 NYCRR 1400.3, governing such work. While the existing retainer agreements were for "post judgment" matter, which could be understood as matter arising subsequent to the entry of the

judgment of divorce, those agreements explicitly did not encompass appellate work. Therefore, the plaintiff was not entitled to payment for fees incurred for appellate work (*see Law Off. of Sheldon Eisenberger v Blisko*, 106 AD3d 650 [2013]; *Mulcahy v Mulcahy*, 285 AD2d 587 [2001]; *Kayden v Kayden*, 278 AD2d 202 [2000]).

Further, while in a nonmatrimonial matter the unintentional failure to provide a letter of engagement does not preclude an attorney from recovering the fair and reasonable value of his or her services pursuant to the doctrine of quantum meruit (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d at 54), this case involves postjudgment relief in a matrimonial matter, for which a written retainer agreement is required (*see* 22 NYCRR 1400.1, 1400.3). In any event, the plaintiff did not assert a cause of action sounding in quantum meruit in the complaint, and there is no proof in this record of the fair and reasonable value of the plaintiff's services on the appeal. No transcript of the trial has been provided, thus precluding review of that factual issue (*see Bousson v Bousson*, 136 AD3d 954 [2016]).

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.