Bienvenida Pichardo, Plaintiff-Appellant, 
against
James Layton Koenig, Defendant-Respondent.



Plaintiff appeals from a judgment of the Civil Court of the City of New York, Bronx County (Donald A. Miles, J.), entered on or about January 19, 2017, after a nonjury trial, in favor of defendant dismissing the action.




Per Curiam.
Judgment (Donald A. Miles, J.), entered on or about January 19, 2017, reversed, with $25 costs, and matter remanded for a new trial.
Plaintiff retained defendant, an attorney, to represent her son in an appeal of a criminal conviction, and, pursuant to the terms of a written retainer agreement, plaintiff paid defendant a flat fee of $25,000. Plaintiff subsequently commenced this action against defendant seeking a refund of the fee on the ground that defendant failed to perform the services he was hired to perform. After trial, Civil Court dismissed the action. Although the court found that defendant could not establish the number of hours he expended on the underlying criminal matter, the court nonetheless dismissed the case because plaintiff failed to sustain her burden of proof. Upon plaintiff's appeal, we reverse and remand for a new trial.
As a matter of public policy, courts pay particular attention to the fee arrangement between attorneys and their clients (see Jacobson v Sassower, 66 NY2d 991, 993 [1985]), and even when it is the client who commences an action to recover a portion of the attorneys' fees paid, it is the attorney who must shoulder the burden of demonstrating the fair and reasonable value of the services rendered (see Superior Sleep Servs., Inc. v Diana Brodstein, Attorney at Law, P.C., 42 Misc 3d 142[A], 2014 NY Slip Op 50223[U] [App Term, 2d, 11th and 13th Jud Dists 2014]; Jones v Wright, 16 Misc 3d 133[A], 2007 NY Slip Op 51494[U] [App Term, 9th and 10th Jud Dists 2007]). Thus, in order to properly adjudicate this matter, the trial court was required to determine the reasonable value of the services performed by defendant in the underlying criminal matter and the portion, if any, of the retainer fee to be returned to the [*2]plaintiff (see generally Markard v Markard, 263 AD2d 470 [1999]. Since the court failed to make such determination and appears to have improperly placed the burden of establishing the reasonable value of the legal services rendered upon plaintiff-client, we reverse and remand for a new trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 14, 2018