Ader v Ader (2022 NY Slip Op 03468)





Ader v Ader


2022 NY Slip Op 03468


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 350006/20 Appeal No. 16059 Case No. 2021-03062 

[*1]Julie Ader, Plaintiff-Respondent,
v
Jason Ader, Defendant-Appellant.


Judd Burstein, P.C., New York (Judd Burstein of counsel), for appellant.
Michele A. Katz, PLLC, New York (Michele A. Katz of counsel) and Buchanan Ingersoll and Rooney PC, New York (Stuart P. Slotnick of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about July 9, 2021, insofar as it awarded plaintiff wife, pendente lite, custody-related counsel fees totaling $600,000, unanimously affirmed, without costs.
As reflected in the legal bills at issue and counsel's description of the work to be done imminently, a significant portion of legal fees were incurred and will be incurred in connection with specific custody-related matters not addressed in the parties' prenuptial agreement, and that could not even have been contemplated by the parties when they executed the agreement, before the first of their four children was born. These include disputes over visitation and parenting time, efforts to resolve such disputes via stipulation, matters concerning the Attorney for the Children and appointed forensics, therapy issues and communications with the children's pediatrician, parenting issues arising from the COVID pandemic, issues surrounding one child's graduation, and disputes concerning the children's activities such as tennis lessons and art classes. The agreement did not address these matters, and thus the counsel fee waiver does not apply (see e.g. Gottlieb v Gottlieb, 138 AD3d 30, 48 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]; Vinik v Lee, 96 AD3d 522, 523 [1st Dept 2012]).
The agreement's inclusion of certain terms concerning custody and child support does not alter our analysis. Even the husband takes the position that the agreement "did not purport to predetermine custody or child support" and that the parties were "free to litigate" such matters. He cannot acknowledge these matters were not fully resolved by the agreement while simultaneously arguing the wife is barred from seeking legal fees to litigate them. Such an inconsistent approach, particularly given the financial disparity between the parties here (an issue that does not vanish, as the husband suggests, with his $5 million payment to her, see e.g. Matter of Dean E.H. v Deborah. R., 181 AD3d 536 [1st Dept 2020]), runs directly afoul of the underlying policy of Domestic Relations Law § 237 (see also Kessler v Kessler, 33 AD3d 42, 47 [2d Dept 2006], lv dismissed 8 NY3d 968 [2007]).
The husband's 22 NYCRR 1400.3 arguments are unavailing, as the retainer agreements at issue substantially complied with the statute (Flanagan v Flanagan, 267 AD2d 80 [1st Dept 1999]). He tries to cast doubt on the wife's contention that the 2013 BIPC retainer letter's reference to post-divorce judgment work was a typographical error. Yet the very next sentence of the letter states the retainer "does not apply to any appeals or post-judgment actions or proceedings" and, in describing the forthcoming billing, refers, by way of example to such pre-judgment matters as a court appearance in connection with the pendente lite motion. The 2020 BIPC retainer letter, moreover, states the firm will "continue" to represent the wife in the divorce proceedings at issue here. His claim [*2]that the letter must have been executed in connection with the wife's prior divorce is entirely speculative. He argues the letter did not accurately state who would work on this matter, but it states that "other attorneys" besides those identified in the letter might work on the case. Moreover, the bills set forth the current information as to which attorneys were working on the case, as did the 2020 retainer letter, which also included updated information about their rates, which constitutes substantial compliance with 22 NYCRR 1400.3 (see e.g. Law Off. of Sheldon Eisenberger v Blisko, 106 AD3d 650 [1st Dept 2013]). The MAK retainer also substantially complies with 22 NYCRR 1400.3. The husband argues that, under its terms, rate increases could be foisted upon the wife, but the accompanying Statement of Client's Rights and Responsibilities states the client has a right to refuse to enter into any fee arrangement the client finds unsatisfactory, and Katz attested that any rate increase would have to be approved by the wife, in writing. The husband does not show that either retainer letter's termination provisions violate 22 NYCRR 1400.3, as he cites no cases where a retainer agreement that did not inform a client that, in the event of termination, fees can only be recovered in quantum meruit, was found to have violated the statute.
The court was not required to hold a hearing on this interim fee application (see Matter of Balber v Zealand, 169 AD3d 500 [1st Dept 2019]), and we do not remand for a hearing now. The court carefully considered the bills and the issues, as shown by its reduction of the wife's $900,000 interim counsel fee request to $600,000. The husband does not show the court failed to consider whether the billing was excessive or redundant, or that it miscalculated the extent to which the fees awarded were, in fact, custody-related. As the award is subject to reallocation at the end of the case, a hearing would be premature and an unnecessary expenditure of resources in an already heavily litigated case.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022