Lorne v Lorne (2022 NY Slip Op 05593)

Lorne v Lorne

2022 NY Slip Op 05593

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 309048/16 Appeal No. 16337-16337A Case No. 2022-00187, 2022-00276 

[*1]Simon M. Lorne, Plaintiff,
v
Ludmila Peresvetova Lorne, Defendant-Appellant. Fox Rothschild LLP, Nonparty-Respondent. 

J. Douglas Barics, Commack, for appellant.
Fox Rothschild LLP, New York (John A. Wait of counsel), respondent pro se.

Judgment, Supreme Court, New York County (Michael L. Katz, J), entered October 12, 2021, in favor of nonparty-respondent Fox Rothschild LLP against defendant wife in the amount of $177,802.37, unanimously modified, on the law, to the extent of vacating the award of counsel fees incurred by Fox Rothschild in litigating its fee claim against the wife, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 21, 2021, which, after a hearing, determined that Fox Rothschild was entitled to a money judgment against the wife and a charging lien against her equitable distribution award as well as counsel fees incurred in litigating against her, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Fox Rothschild was entitled to recover its unpaid fees because it substantially complied with applicable court rules regarding attorneys representing clients in domestic relations matters (Uniform Rules for Trial Cts [22 NYCRR] §§ 1400.2, 1400.3; see Edelman v Poster, 72 AD3d 182, 184 [1st Dept 2010]). The wife articulates no persuasive basis to disturb Supreme Court's finding that Fox Rothschild enclosed the statement of client's rights and responsibilities with the retainer letter. In addition, although the wife claims that the retainer letter did not include 8 of 13 provisions that are mandated to appear in a retainer letter (see 22 NYCRR 1400.3), either the omitted provisions addressed matters that were not relevant to the wife in any event, or the wife was made aware of those provisions through the statement of client's rights and through her own experiences in this proceeding (see Law Off. of Sheldon Eisenberger v Blisko, 106 AD3d 650, 652 [1st Dept 2013]). For example, the wife clearly understood her right to end Fox Rothschild's representation of her, as she had already discharged several law firms before she engaged Fox Rothschild.
The wife's position that Fox Rothschild unjustifiably abandoned its representation of her is belied by the record, which establishes that the wife discharged the firm because she disagreed with the firm regarding the staffing of her trial team, among other things (see Klein v Eubank, 87 NY2d 459, 464 [1996]). As to the wife's argument that a charging lien is not available to Fox Rothschild because it did not show that it created any "new fund," it is best addressed when the firm attempts to enforce its lien against certain funds or assets and a complete record is made on the issue (see generally Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1st Dept 1997]).
However, the wife's position that Fox Rothschild was not entitled to recover the counsel fees it incurred in litigating its fee claim against her is persuasive in light of the firm's failure to cite any agreement, statute, or court rule that would authorize such a recovery (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]).
We decline to consider the wife's contention that Fox Rothschild [*2]failed to file a retainer, because it involves issues of fact raised for the first time on appeal.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022