Panos v Panos (2025 NY Slip Op 06818)

Panos v Panos

2025 NY Slip Op 06818

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 365148/21|Appeal No. 5140-5141|Case No. 2025-02624 2025-03519|

[*1]Alexander S. Panos, Plaintiff-Appellant,
v
Christina Panos, Defendant-Respondent. 

Cohen Clair Lans Greifer & Simpson LLP, New York (Robert S. Cohen of counsel), for appellant.
Silva Thomas PC, New York (Michele S. Thomas of counsel), for respondent.

Amended order, Supreme Court, New York County (Ta-Tanisha D. James, J.), entered on or about April 8, 2025, which, to the extent appealed from as limited by the briefs, granted defendant wife's motion for $1,000,000 as reimbursement of accrued and paid interim counsel fees subject to reallocation after trial, directed that the wife was to utilize the parties' accounts to pay customary and usual household expenses, directed plaintiff husband to continue paying for all family expenses for the duration of the litigation, reserving for trial what constitutes "family expenses," and de facto directed the parties to engage in an appraisal process for valuing marital furniture, furnishings, and artwork, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to apply the terms of the parties' prenuptial agreement regarding the distribution of the parties' remaining marital property; vacate the portion of the order directing the husband to continue paying for all family expenses for the duration of the litigation, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about June 3, 2025, which vacated the CPLR 5519 automatic stay obtained by the husband in posting a bond for the counsel fees imposed in the April 8, 2025 order and awarded the wife $40,000 in counsel fees for making the motion, unanimously reversed, on the law, without costs, and the award of counsel fees vacated.
The court providently exercised its discretion in awarding the wife $1 million in interim counsel fees, subject to reallocation after trial, given the significant financial disparity between the parties, an issue that does not vanish even when considering the wife's considerable assets, income, and annual support payments (see Domestic Relations Law § 237 [a]; Ader v Ader, 205 AD3d 637, 638 [1st Dept 2022]; see also Prichep v Prichep, 52 AD3d 61, 65-66 [2d Dept 2008]). The wife "is the less monied spouse, and the award of interim attorneys' fees will permit her to continue the litigation" (Wolinsky v Berkowitz, 227 AD3d 433, 434 [1st Dept 2024]). There is no requirement that she spend down a substantial portion of her assets in order to qualify for an award of counsel fees (see O'Shea v O'Shea, 93 NY2d 187, 192 [1999]; Wolinsky, 227 AD3d at 434). That the counsel fees in question were already incurred and paid for by the wife with her own money is of no moment (see O'Shea, 93 NY2d at 191 [Domestic Relations Law § 237 "allow[s] compensation for past legal services"]). Contrary to the husband's assertion, a hearing on this interim counsel fee application was not required (see Ader, 205 AD3d at 639; Matter of Balber v Zealand, 169 AD3d 500 [1st Dept 2019]). "As the award is subject to reallocation at the end of the case, a hearing would be premature and an unnecessary expenditure of resources in an already heavily litigated case" (Ader, 205 AD3d at 639). Although interim counsel fees are normally payable directly to the nonmonied spouse's attorney, it was appropriate here for the court to direct the fee award directly from the husband to the wife (see Prichep, 52 AD3d at 67).
The court incorrectly directed the husband to continue paying for all "family expenses" for the duration of this litigation. Such a directive is inconsistent with the unambiguous and uncontested terms of the parties' prenuptial agreement,[FN1] which expressly waived the wife's entitlement to temporary and permanent spousal maintenance above the $100,000 in annual support payments by the husband (see Babbio v Babbio, 119 AD3d 474, 475 [1st Dept 2014]). The court's order also neglected to consider the Domestic Relations Law as it pertains to temporary child support and maintenance (see Domestic Relations Law §§ 236 [B][5-a], 240[1-b]), particularly in light of the wife's failure to apply for such relief in her motion. At the time that the court issued its decision, there was no agreement or order in place directing the husband to make child support payments, nor was there an application before the court for pendente lite child support. Contrary to the wife's contention, the court's order cannot be characterized as a continuation of the automatic orders under Domestic Relations Law § 236(B)(2), as it does not merely prohibit the husband's interference with jointly held accounts or restrict unilateral transfers, but instead directs the husband to continue paying for all "family expenses," a term that the court never defined or explained. Accordingly, we modify so as to vacate this portion of the court's order (see Khaira v Khaira, 93 AD3d 194, 201 [1st Dept 2012]). A review of the parties' prenuptial agreement reflects that the court may have also misinterpreted its terms with respect to distribution of certain marital property exclusive of residences and accounts. Paragraph 5(a)(iii) provides the framework for the sale of the items neither party wants and further provides a process by which the parties essentially bid on items that both parties want, and gives the party making the higher "bid" the right to buy the item. No appraisals are necessary. Paragraph 5(b) of the prenuptial agreement provides that if there is a dispute about the fair market value of any item of marital property, the parties agree to a procedure by which appraisers are selected to determine the value. The order is therefore modified to the extent of incorporating the terms of the prenuptial agreement with regard to the distribution of the parties' remaining marital property and the parties are directed to comply with its terms.
As for the husband's appeal of the court's vacatur of the CPLR 5519 stay of enforcement of the $1 million counsel fee award, we note that this Court has imposed a stay pending resolution of the appeal, which largely renders moot the court's vacatur. As the wife concedes that her fee application was faulty, we reverse and vacate the $40,000 counsel fee award imposed in connection with the wife's vacatur motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025

Footnotes

Footnote 1: On August 25, 2021, the court upheld the validity of the prenuptial agreement.